**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JASON MITCHELL WARD** **PETITIONER**

**V.** **NO. 3:23-CV-221-DMB-DAS**

**UNITED STATES OF AMERICA** **RESPONDENT**

**OPINION AND ORDER**

Jason Mitchell Ward challenges the validity of his federal sentence under 28 U.S.C. § 2241, invoking the savings clause of 28 U.S.C. § 2255(e). Because Ward fails to meet the requirements of § 2255(e), his § 2241 petition will be dismissed.

**I
Procedural History**

On December 7, 2022, Jason Mitchell Ward, while housed at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, filed a pro se 28 U.S.C. § 2241 petition for a writ of habeas corpus in the United States District Court for the Western District of Tennessee. Doc. #1. In the petition, Ward claims that, with respect to his 240-month sentence in the Western District of Tennessee:[1] (1) "procedural errors occurred" during sentencing; (2) "his waiver for an appeal is invalid because it was not knowingly and intelligently agreed to;" (3) "[t]he aggregate length of the sentence exceeds the statutory maximum;" and (4) his "[a]ttorney failed to put … on the record that the state and federal charge[s] … occurred simultaneously" and "allowed [him] to take a plea agreement after waiting 3 and 1/2 years while the state murder conviction was pending."[2] *Id.* at

---

[1] On November 15, 2012, Ward was sentenced to 240 months of imprisonment for crimes related to armed robbery. *United States v. Ward*, No. 2:09-cr-20191, at Doc. #77 (W.D. Tenn. Nov. 15, 2012). In his petition in this case, Ward lists his date of sentencing as "09-12-2012." Doc. #1 at 2.

[2] Ward also asserts that "[t]he plea agreement barred [him] from direct appeal." Doc. #1 at 9.

7–9. On June 15, 2023, United States District Judge Thomas L. Parker transferred the case to the United States Court for the Northern District of Mississippi where Ward "was confined … when he filed his petition."[3] Doc. #15 at 2.

## II
## Standard

A federal prisoner may challenge his sentence under (1) 28 U.S.C. § 2241—a petition for a writ of habeas corpus; or (2) 28 U.S.C. § 2255—a motion to vacate, set aside, or correct a sentence. *Frees v. Maye*, 441 F. App'x 285, 286 (5th Cir. 2011). "Section 2255 motions 'provide[] the primary means of collateral attack on a federal sentence.'" *Hammoud v. Ma'at*, 49 F.4th 874, 878 (5th Cir. 2022) (quoting *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). If a § 2241 petition challenges the validity of a federal sentence, a court must either dismiss it or construe it as a § 2255 motion. *Pack*, 218 F.3d at 452. Courts must liberally construe pleadings filed by pro se litigants and look to the substance of a pleading to determine its nature. *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011).

## III
## Discussion

Ward challenges his sentence and the validity of his plea agreement through a § 2241 petition for a writ of habeas corpus, submitting that he can file a § 2241 petition instead of a § 2255 motion "because [he] finished [his] state sentence and can no longer challenge the consecutiveness of [his] federal sentence through a 2255 motion." Doc. #1 at 6. In doing so, Ward invokes the savings clause under 28 U.S.C. § 2255(e). The government responds that Ward's petition should be treated as a § 2255 motion, not a § 2241 petition, because "it raises legal

[3] The case was originally assigned to United States Senior District Judge Neal B. Biggers, Jr. on June 16, 2023. Doc. #17. It was randomly reassigned to the undersigned on August 14, 2023. Doc. #19.

challenges to his sentence, such as an argument that it exceeded the statutory maximum."[4] Doc. #14 at 5. The government does not address whether Ward's claims fall under § 2255(e)'s savings clause. *See generally* Doc. #14.

A habeas corpus proceeding under § 2241 must be brought in the district court where the prisoner is in custody.[5] 28 U.S.C. § 2241(a). In contrast, a § 2255 motion must be brought in the court where the defendant was convicted. 28 U.S.C. § 2255(a). However, petitioners may challenge their federal sentence through a § 2241 petition instead of § 2255 motion if they invoke § 2255(e)'s savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Courts have found § 2255 remedies to be inadequate or ineffective only "[i]n extremely limited circumstances" where claims cannot "be remedied under § 2255." *Hammoud*, 49 F.4th at 879 (cleaned up). When invoking the § 2255(e) savings clause, "'the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.'" *Fillingham v. United States*, 867 F.3d 531, 539 (5th Cir. 2017) (quoting *Jeffers v. Chandler*, 253 F. 3d 827, 830 (5th Cir. 2001)).

Ward makes clear that he does not want to proceed under § 2255. The Court declines to construe his § 2241 petition as a § 2255 motion because doing so would preclude him, except in

---

[4] The government argued first that Ward's § 2241 petition should be transferred to the Northern District of Mississippi because Ward is housed in that district. Doc. #14 at 4. The government also argued that Ward was not entitled to relief under § 2255. *Id.* at 5. Judge Parker transferred the case and did not rule on the merits of Ward's claims. Doc. #15.

[5] *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

limited circumstances, from seeking § 2255 relief in the future.[6] 28 U.S.C. § 2255(h); *see United States v. Castro*, 540 U.S. 375, 383 (2003) (discussing preclusive effect of characterizing pro se litigant's § 2241 petition as a § 2255 motion and dismissing it as such). Thus, Ward must demonstrate "unusual circumstances" which "make it impossible or impracticable to seek relief in the sentencing court," or this Court must dismiss the petition. *Jones v. Hendrix*, 599 U.S. 465, 478 (2023); *Pack*, 218 F.3d at 452.

Ward claims that he meets the requirements of the § 2255(e) savings clause because he "can no longer challenge the consecutiveness of [his] federal sentence through a 2255 motion." Doc. #1 at 6. However, courts "consistently [find] that procedural barriers to obtaining relief under section 2255 do not make that section's remedy inadequate or ineffective for purposes of the savings clause." *Frees*, 441 F. App'x at 287. And "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *Hammoud*, 49 F.4th at 880 (cleaned up). Accordingly, Ward has not established that a § 2255 motion is "inadequate or ineffective to test the legality of his detention" or that it is impossible or impracticable to present his claims in the Western District of Tennessee through a § 2255 motion. *Id*. Because Ward may not invoke the savings clause of § 2255 to challenge his conviction in the Western District of Tennessee through a petition for writ of habeas corpus under § 2241 filed in this district, his petition will be dismissed for failure to state a valid claim.[7] *See Fillingham*, 867 F.3d at 539 (Because the petitioner did not meet the requirements of § 2255(e)'s

[6] If Ward did bring his challenge under § 2255 in this district, it would be dismissed for want of subject matter jurisdiction because this Court did not sentence Ward. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court … may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[7] Ward may still seek relief under § 2255 by filing a motion in the United States District Court for the Western District of Tennessee—subject to applicable procedural requirements and defenses.

savings clause, "[t]he district court correctly concluded that these claims are not cognizable under § 2241.").

**IV**
**Conclusion**

Ward's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED**.

**SO ORDERED**, this 9th day of April, 2024.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**